UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND CORN PRODUCTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 20-2168-JWL |
| ) | |
| SYNGENTA SEEDS, LLC et al. ) | MDL 14-md-2591-JWL |
| ) | |
| Defendants. ) | |

**ORDER**

In this individual case, which is part of the *In re Syngenta* multi-district litigation, defendant Syngenta[1] has filed a motion (ECF No. 57) to compel plaintiff Heartland Corn Products ("Heartland") to comply with the court's March 3, 2021 discovery order.[2] In what appears to be a developing pattern, Heartland has not responded to the motion. The court grants the motion as unopposed under D. Kan. Rule 7.4(b) and awards Syngenta attorneys' fees under Fed. R. Civ. P. 37.

Heartland's discovery violations regarding Syngenta's first document requests are set forth in the court's March 3, 2021 order. That order compelled Heartland to respond to

---

[1] As it has throughout the litigation of this MDL, the court refers to defendants collectively as "Syngenta."

[2] ECF No. 55.

1

the requests by April 8, 2021.³  In the instant motion, Syngenta states Heartland has produced only three additional documents since that time, despite having promised to "collect and produce documents from 12 custodians after applying agreed-upon search terms across date ranges reaching back as far as 2007."⁴  Syngenta also explains Heartland's counsel canceled a scheduled meet-and-confer teleconference and has stopped responding to defense counsel's e-mails.⁵

Heartland's conduct clearly is unacceptable.  A plaintiff may not bring a lawsuit and then ignore its obligations to produce discovery and move the case forward.  Nor may any party wantonly disregard a court order.  The record suggests the parties may be discussing, at least casually, the possibility of settlement.  The court is available to assist in that regard, should the parties request it.  But regardless, a case's settlement track and litigation track run parallel and concurrently; the potential of settlement provides no excuse for abdicating litigation responsibilities.

IT IS THEREFORE ORDERED that the motion to compel (ECF No. 57) is granted and Heartland must respond to the subject document requests by **April 26, 2021**.  Heartland is warned that failure to comply by that date will likely result in the undersigned U.S. Magistrate Judge recommending that the presiding judge dismiss the case.

---

³ ECF No. 55 at 2.

⁴ ECF No. 58 at 3.

⁵ *Id.* at 4-5, 7.

IT IS FURTHER ORDERED that, as a sanction for the discovery violations discussed herein,[6] Heartland must pay Syngenta's reasonable expenses, including attorneys' fees, incurred in bringing both the original motion to compel (ECF No. 51) and this renewed motion to compel/enforce the court's discovery order (ECF No. 57). The parties are encouraged to confer and reach agreement on the amount of expenses to be paid. In the hopefully unlikely event the parties cannot reach an agreement, Syngenta may file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained by **April 29, 2021**.

Dated April 19, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[6] *See* Fed. R. Civ. P. 37(a)(5)(A) and (b)(2)(A).