UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEARTLAND CORN PRODUCTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-2168-JWL |
| | ) | |
| SYNGENTA SEEDS, LLC et al. | ) | MDL 14-md-2591-JWL |
| | ) | |
| Defendants. | ) | |

## **ORDER**

In this individual case, which is part of the *In re Syngenta* multi-district litigation, defendant Syngenta[1] has filed a motion to compel plaintiff Heartland Corn Products ("Heartland") to respond completely to Syngenta's first set of interrogatories (ECF No. 67). Heartland has not responded to the motion. Notably, this is the third motion to compel Syngenta has filed and the third instance in which Heartland has remained silent in response.[2] The motion is granted as unopposed under D. Kan. Rule 7.4(b), and because Heartland's ongoing unresponsiveness to discovery, motions, and communications from counsel have wasted the time and resources of both the court and defense counsel, sanctions are imposed.

---

[1] As it has throughout the litigation of this MDL, the court refers to defendants collectively as "Syngenta."

[2] *See* ECF Nos. 55, 62.

1

Under D. Kan. Rule 7.4(b), "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." On this basis, Syngenta's motion to compel is granted. Heartland is ordered to serve complete, verified responses to Syngenta's first set of interrogatories by **May 14, 2021**. As a sanction for this most recent discovery violation, Heartland must pay Syngenta's reasonable expenses, including attorneys' fees, incurred in bringing the motion. If the parties are unable to reach an agreement on the amount of expenses, Syngenta may file an accounting of the costs and legal fees it sustained (including supporting documentation, such as attorney time sheets) by **May 28, 2021**.

Heartland's ongoing apathy to prosecuting a case it chose to file is well documented, both in past orders[3] and in affidavits from defense counsel documenting Heartland's failure to satisfy meet-and-confer obligations.[4] Most recently, in addition to failing to respond to the instant motion, Heartland violated the court's April 19, 2021 order[5] that it produce

---

[3] *See* ECF No. 70 (emphasizing Heartland's "disturbing pattern of shirking discovery obligations in the case it chose to file"); ECF No. 62 at 1-2 ("In what appears to be a developing pattern, Heartland has not responded to the motion. . . . Heartland's conduct clearly is unacceptable. A plaintiff may not bring a lawsuit and then ignore its obligations to produce discovery and move the case forward."); ECF No. 55 at 2 ("Heartland's silence on this matter has continued with its failure to respond to the motion to compel.").

[4] *See* ECF No. 69; ECF No. 59; ECF No. 53.

[5] ECF No. 62.

documents by April 26, 2021,[6] and that it confer with defense counsel to reach agreement on the amount of expenses it would pay Syngenta as a sanction.[7] The court is in full agreement with Syngenta that "[i]t is unfair and prejudicial to Syngenta to continue to wait for documents that never show up, to continue to brief motions to compel to which responses are not filed, and to push this case forward while Heartland fails to litigate in good faith and meet its obligations."[8]

The undersigned U.S. Magistrate Judge, James P. O'Hara, previously warned Heartland that failure to comply with the April 19, 2021 order would "likely result in the undersigned U.S. Magistrate Judge recommending that the presiding judge dismiss the case."[9] Heartland has run out of chances. UNLESS HEARTLAND FILES A CERTIFICATE BY **MAY 14, 2021**, CERTIFYING ITS COMPLIANCE WITH THIS ORDER AND THE TWO PRIOR DISCOVERY ORDERS (ECF NOS. 55 AND 62), AND FURTHER CERTIFYING THAT PLAINTIFF HAS MEANINGFULLY CONFERRED WITH SYNGENTA ABOUT PAYING THE LATTER'S EXPENSES, THEN THE UNDERSIGNED WILL HAVE NO CHOICE BUT TO INFER PLAINTIFF HAS DECIDED TO ABANDON THIS CASE AND WILL RECOMMEND THAT THE

---

[6] *See* ECF No. 64.

[7] *See* ECF No. 72.

[8] ECF No. 64 at 1.

[9] ECF No. 62 at 2.

PRESIDING U.S. DISTRICT JUDGE, JOHN W. LUNGSTRUM, DISMISS THE CASE AS SANCTION.  NO FURTHER WARNINGS WILL BE GIVEN.

It is so ordered.

Dated May 7, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
